**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg Division**

> ELECTRONICALLY
> FILED
> Sep 08 2023
> U.S. DISTRICT COURT
> Northern District of WV

**LADONNA LATHON,**

> *Plaintiff,*

**v.**                                                          CIVIL ACTION NO. **1:23-cv-69 (Kleeh)**

**UNITED SUMMIT CENTER, INC.,**

> *Defendant.*

## NOTICE OF REMOVAL

Defendant, United Summit Center, Inc. (hereafter USC), by counsel, hereby gives notice of its removal of the above-captioned civil action now pending in the Circuit Court of Harrison County, West Virginia, as Civil Action No. 23-C-161. The Defendant removes the above-referenced civil action on the basis of federal question jurisdiction, and on the basis of supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of the removal of the above-referenced civil action, the Defendant states as follows:

## BACKGROUND

1.      On August 8, 2023, Plaintiff Ladonna Lathon filed her Complaint in the Circuit Court of Harrison County, West Virginia (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      The Plaintiff served her Summons and Complaint on USC via certified mail to the WVUHS legal services office by the Secretary of State on August 11, 2023. A true and correct copy of the summons served upon USC is attached as **Exhibit B**.

3.      A copy of the Defendant's Notice of Removal filed in the circuit court this day is attached hereto as **Exhibit C**.

4.      The Plaintiff alleges in her Complaint that at the time of her termination from United Summit Center, Inc. she was a Youth Outreach Specialist on August 28, 2002.  Ex. A, at ¶ 7-8.

5.      According to Plaintiff, while employed with the United Summit Center, she was subjected to unlawful and discriminatory actions based, at least in part, on her race. Ex. A, *generally*.  Plaintiff alleges that she was engaged in reporting the racial discrimination she was experiencing and requested FMLA time to deal with her anxiety related to discrimination and harassment. *Id*, p. 6.  However, no actions were taken with regard to Plaintiff's reports. *Id.*  Further, according to Plaintiff's Complaint, United Summit Center unreasonably retaliated and discriminated against Plaintiff after she utilized medical leave granted to her under the FMLA. *Id,* p. 7.  Plaintiff also alleges that United Summit Center terminated Plaintiff without business justification and in a discriminatory manner, as a direct and proximate result of Plaintiff taking medical leave under the FMLA which unlawfully interfered with, restrained and/or denied Plaintiff the exercise of her FMLA rights. *Id.*  Thus, Plaintiff has alleged claims that arise under federal law, namely the FMLA.

6.      The Plaintiff also asserts Racial Discrimination (Count I), Hostile Work Environment (Count II), Retaliation for Reporting Racial Discrimination in Violation of the West Virginia Human Rights Act (Count III), Wrongful Termination (Count V), and the Tort of Outrage (VI). Ex. A, pp. 4-8.

12.     Here, the basis of Plaintiff's Complaint arises under the FMLA, 29 U.S.C. § 2601, et seq., which is a federal statute.  (Ex. A, at ¶¶ 1-50).

13.     The Court also has jurisdiction over the Plaintiff's state law claims because they form part of the same case or controversy as the federal claim.  "…[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The Plaintiff's additional claims for Racial Discrimination (Count I), Hostile Work Environment (Count II), Retaliation for Reporting Racial Discrimination in Violation of the West Virginia Human Rights Act (Count III), Wrongful Termination (Count V), and the Tort of Outrage (VI). Ex. A, pp. 4-8 all relate to Plaintiff's alleged wrongful discharge. Ex. A, *generally*.

14.     Accordingly, the Court has jurisdiction over all claims asserted in this case pursuant to 28 U.S.C. §§ 1331 and 1367.

## THE REMOVAL IS TIMELY

15.     "The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 144(b)(1).

16.     The Plaintiff served her Summons and Complaint on USC via certified mail to the WVUHS legal services office by the Secretary of State on August 11, 2023. This Notice is therefore timely filed. *See id.*

4

## CONCLUSION

17.    The United States District Court for the Northern District of West Virginia,

Clarksburg Division, has original jurisdiction and supplemental jurisdiction over the above-

captioned civil action pursuant to 28 U.S.C. §§ 1331 and 1367 because the Plaintiff alleges a cause

of action arising under Federal Law, Retaliation and Discrimination in Violation of the Family

Medical Leave Act, and other claims arising out of the same alleged wrongful discharge.

18.    The Defendant has filed a copy of all process, pleadings, and orders in the above-

captioned civil action as an Exhibit to this Notice of Removal in accordance with 28 U.S.C. §

1446(a). *See* Ex. A-C.

19.    The Defendant have served a copy of this Notice of Removal on the Plaintiff and

filed a copy of this Notice of Removal with Clerk of the Circuit Court of Harrison County, West

Virginia in accordance with 28 U.S.C. § 1446(d).

20.    The Defendant has provided the required filing fee of four hundred dollars

($400.00).

DATED this 8th day of September, 2023.

                                    **UNITED SUMMIT CENTER, INC.**
                                    **By Counsel**

/s/ Jacqueline L. Sikora
Jacqueline L. Sikora (WVSB#9486)
Brian M. Peterson (WVSB #7770)
West Virginia United Health System, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, WV 26505
Phone: (304) 974-3491
Fax: (304) 598-9888
jacqueline.sikora1@wvumedicine.org

5

brian.peterson@wvumedicine.org

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

LADONNA LATHON,

     *Plaintiff,*

v.                              **CIVIL ACTION NO. _____**

UNITED SUMMIT CENTER, INC.,

     *Defendant.*

### CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to the following:

Ambria Britton, Esquire
Klie Law Offices PLLC
21 East Main Street, Suite 160
Buckhannon, WV 26201
(304) 472-5007-Phone
abritton@klielawoffices.com
***Counsel for the Plaintiff***

on this 8th day of September, 2023.

/s/Jacqueline L. Sikora         
Jacqueline L. Sikora (WVSB#9486)
Brian M. Peterson (WVSB #7770)
West Virginia United Health System, Inc.
1238 Suncrest Towne Centre Drive
Morgantown, WV 26505
Phone: (304) 974-3491
Fax: (304) 598-9888
jacqueline.sikora1@wvumedicine.org
brian.peterson@wvumedicine.org

4855-2234-5338, v. 1

7